[Civ. No. 5083. Third Appellate District.—May 31, 1934.]

## MIA CANDIDA BLAND, Appellant, v. JESS SMITH et al., Respondents.

Victor R. Hansen for Appellant.

Gibson, Dunn & Crutcher, H. F. Prince and Robert F. Schwarz for Respondents.

WEYAND, J., *pro tem.*—The statement of facts contained in respondents' brief herein fairly represents the real facts of this case.

They are as follows, to wit:

"Prior to October 10, 1928, appellant, an experienced real estate operator, owned the real property at Westwood and Santa Monica boulevard involved in this action. The defendant Jess Smith was a salesman with the Janss Investment Company. Prior to the 10th day of October,

1928, Jess Smith attempted to talk to the plaintiff, but only over the telephone (and not more than twice), in regard to this real estate, and he claims he told her that he could sell the property for her for $40,000, and that she referred him to Alonzo B. Moore, an agent who had handled all of her transactions except those which she managed personally. Jess Smith claims the plaintiff refused to have anything to do with him and hung up the receiver. Plaintiff paid a commission to Moore when this property was finally sold, but did not pay compensation of any kind to any of the defendants. Plaintiff knew that Jess Smith was representing a buyer. A sign on the property in question designated Moore as the exclusive agent. Smith located Moore, to whom he made offers to buy the property. Moore relayed these offers to the plaintiff. Finally, through Moore's persuasion, plaintiff sold the property. Title was taken in the name of C. P. Wasmer, an officer of the Janss Finance Corporation, and an employee of the Janss Investment Company. The purchase price was paid by the Janss Finance Corporation by checks issued in the name of C. P. Wasmer, the first check for $1,000 paid out of escrow being made to 'Alonzo Moore, Agent', as payee. Subsequently, C. P. Wasmer deeded the property to the Janss Finance Corporation, which deeded it to Dr. Foster K. Collins and Pearl Collins, his wife, whom Jess Smith had represented. Plaintiff received from the defendants C. P. Wasmer and Janss Finance Corporation the sum of $40,000 cash as the purchase price. Dr. Collins and his wife, in taking the property, paid the Janss Finance Corporation $4,209.86 in cash, took an assignment of a condemnation award which was not yet due to make the balance of $12,500, refinanced other property to the extent of $15,000, and agreed to the payment of the balance of a price of $55,000 over a period of years.''

Respondents' brief likewise presents a fair statement of the findings of the trial court, in the following words: ''The trial court found, in substance, that the property was of the market value of $40,000; that the plaintiff had not employed any of the defendants as her agents in the transaction; that neither Jess Smith personally or as the agent of Janss Finance Corporation, and/or the Janss Finance Corporation itself, violated any trust imposed in them by

the plaintiff, or realized any secret profit from the deal; that no false or fraudulent representations were made; that the plaintiff had not relied upon any of the representations made to her; and that the plaintiff had not been damaged either in the sum of $50,000 or any other amount.''

The points attempted to be made by appellant in support of her claims for a reversal of the judgment are that the evidence is insufficient to justify the findings of fact and the judgment.

The one important question is: Was Jess Smith, Janss Investment Company or Janss Finance Corporation the agent or agents of plaintiff and appellant?

A secondary question arises: Did the plaintiff rely upon any statement or statements made by Jess Smith?

As we view the evidence both these questions must be answered in the negative.

Taking up the secondary question, first, we cannot believe that plaintiff relied upon any statements made by Jess Smith. The plaintiff was herself a real estate dealer, holding a license as such. She had been so engaged for a number of years. She had in her employ a regular real estate agent, to whom she referred Jess Smith as to all matters relating to this transaction. Plaintiff's regular agent, one Alonzo B. Moore, had upon the property his sign as ''exclusive agent''. Moore did discuss a sale of the property with Jess Smith, and Moore advised Mrs. Bland to sell for $40,000. Mrs. Bland, after consulting with her agent Moore, agreed to and did sell her property for that sum, and she paid to Moore the usual commission of $2,000. The payment of a preliminary deposit in the sum of $1,000 was by a check payable to Moore ''as agent'' and this deposit check was indorsed by plaintiff. The plaintiff never paid nor offered to pay Jess Smith any commission. Taking these facts into consideration we believe the trial court was amply sustained in its findings to the effect that the plaintiff did not rely on any representations made by Jess Smith or any of the other defendants.

The important question herein was whether Jess Smith was the agent of plaintiff. The rule governing any and all transactions where agency is involved is that ''No man can serve two masters''. The plaintiff was asked the following question to which she answered as indicated:

Q. "Mrs. Bland, at the time Mr. Smith had his first conversation with you over the telephone did you understand then that he was also representing the purchaser of the property, the buyer of the property? A. Yes. Q. And that the buyer was paying the entire commission to Mr. Smith? A. Yes."

Plaintiff knew Smith was representing another person, and she already had a regular agent of her own. According to the testimony of defendant Smith, Mrs. Bland said she "did not want anything to do with me (Smith) or the Janss Investment Company". Smith further testifies that all further dealings were had with Moore as agent for plaintiff. As before indicated, Mrs. Bland sold her property on the recommendations of Moore, and she paid Moore the usual five per cent commission. She paid no commission to Smith.

Under such a statement of facts the lower court was justified in finding that none of the defendants were acting as agents of the plaintiff.

I see no necessity to cite authorities or quote at length from the many cases cited, as the question is, at most, one of fact, and the trial court having decided that neither Smith nor any one of the defendants was the agent of plaintiff, that finding cannot now be disturbed.

The judgment of the trial court is affirmed.

Pullen, P. J., and Thompson, J., concurred.